UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R.H. MANDEVILLE,<br>    Petitioner,<br><br>        v.<br><br>MICHAEL A. THOMPSON,<br>Superintendent<br>    Respondent | )<br>)<br>)<br>)    C.A. No. 05-11969-MLW<br>)<br>)<br>)<br>) |

ORDER

WOLF, D.J.                                                          March 22, 2013

On September 22, 2005, petitioner R.H. Mandeville ("Mandeville") initiated this habeas corpus proceeding pursuant to 28 U.S.C. §2254. Petitioner asserts three grounds for relief: (1) that the trial court's charge to the jury was an improper "call to arms;" (2) that he was denied counsel to present his claims to the Supreme Judicial Court of Massachusetts (the "SJC"); and (3) that he expects respondent's counsel will seek to confuse the court, though he recognizes that this claim is "waived" if respondent's counsel does not act in such a manner.

Respondent Michael A. Thompson moved to dismiss Mandeville's petition as time barred and because petitioner had failed to exhaust his state court remedies. On January 30, 2006, Judge Nancy Gertner denied respondent's motion to dismiss. Judge Gertner deferred consideration of the statute of limitations issues and stayed the case pending petitioner's exhaustion of his state court remedies. During the pendency of the stay, Judge Gertner ordered petitioner to file a report every 90 days regarding the status of

his state court claims.

Mandeville has filed a status report regarding his state court claims almost every 90 ninety days since Judge Gertner's Order, missing only one filing in 2011. This case was reassigned to this court following Judge Gertner's retirement. On July 5, 2012, petitioner filed a Motion to File an Amendment to the "Petitioner's Three Month Status Report." In that motion, Mandeville seeks to add to his status reports a motion that he filed in Suffolk Superior Court to add to his state court appeal an issue relating to a potential suspect in his case. Respondent has not opposed petitioner's motion to amend his status reports.

On September 18, 2012, petitioner filed a Notice to Reopen Petition for a Writ of Habeas Corpus (the "Notice to Reopen"). Petitioner seeks to reopen this habeas case and add additional arguments, at least some of which he admits have not been addressed by the state courts. As grounds for the Notice to Reopen, Mandeville states that on August 30, 2012 the SJC denied his petition for leave to appeal the denial of his motion for a new trial. Petitioner maintains that the SJC's August 30, 2012 Order shows that he has no further recourse in the state courts. Respondent has not addressed petitioner's Notice to Reopen.

On September 24, 2012, petitioner filed a Motion to Stay Proceedings in this court because he is awaiting the receipt of certain documents relating to the SJC's August 30, 2012 denial of

his petition for leave to appeal the denial of his motion for a new trial. Respondent has not addressed petitioner's Motion to Stay Proceedings.

Mandeville's Three Month Status Reports, his Notice to Reopen, and his Motion to Stay Proceedings do not make clear whether he has exhausted his state court remedies with regard to the particular claims at issue in the instant case.

In addition, Mandeville was a petitioner in another §2254 habeas case, Mandeville v. Dubois, No. 95-12115-MLW. The dismissal of that case without prejudice was affirmed on appeal. Nevertheless, Mandeville made some additional filings in that case. However, there has been no activity in it since June 27, 2002, with the exception of Mandeville's request for a copy of the docket sheet and two docket entries that were erroneously docketed in that case instead of the instant case.

Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion to File an Amendment to the "Petitioner's Three Month Status Report" (Docket No. 46) is ALLOWED.

2. Petitioner shall, by April 26, 2013, file a report stating whether the particular claims in his habeas petition, as docketed on September 29, 2005, were presented to and/or decided by the state courts. If petitioner contends that those claims were presented to and/or decided by the state courts, he shall file with

his report any documents that show that those claims were presented and/or decided in the state court proceedings. If those claims have not been presented to or decided by the state courts, he shall seek to show cause why this petition should not be dismissed for failure to exhaust.

3. Respondent shall, by May 31, 2013 respond to petitioner's Notice to Reopen. In that submission, respondent shall address whether petitioner has exhausted his state court remedies with regard to the particular claims in the habeas petition decided on September 29, 2005 and, if not, address whether this case should now be dismissed because of petitioner's failure to exhaust. Respondent shall also file any documents not previously submitted to the court that bear on the issue of whether petitioner has exhausted his state court remedies with regard to those claims.

4. Petitioner's Motion to Stay Proceedings (Docket No. 47) is DENIED without prejudice. To the extent that Petitioner's Motion to Stay Proceedings seeks to stay the instant case, it is unnecessary because this case is currently stayed and closed administratively. If the motion seeks to postpone the court's consideration of petitioner's Notice to Reopen, the Notice to Reopen will not be considered until the parties have filed their submissions pursuant to this Order, which should allow the parties sufficient time to compile any necessary information relating to the SJC's August 30, 2012 Order.

5. The parties shall, by May 31, 2013, report whether they accept that <u>Mandeville v. Dubois</u>, No. 95-12115-MLW has been dismissed without prejudice and address how that case relates to the instant action.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```